Docket No. 13-55579

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

*DENISE K. SCHMIDT,*

**Plaintiff/Appellant,**

*v.*

*PNC BANK, NATIONAL ASSOCIATION,*

**Defendant/Appellee.**

# RESPONSE BRIEF OF DEFENDANT - APPELLEE PNC BANK, NATIONAL ASSOCIATION

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
Case No. 3-12-cv-02126-LAB-KSC
The Honorable Larry Alan Burns

Stuart B. Wolfe (SBN 156471)
*sbwolfe@wolfewyman.com*
Samantha N. Lamm (SBN 162456)
*snlamm@wolfewyman.com*
WOLFE & WYMAN LLP
2301 Dupont Drive, Suite 300
Irvine, California 92612-7531
Telephone: (949) 475-9200
Facsimile: (949) 475-9203

Attorneys for Appellee-Defendant PNC Bank, National Association

# CORPORATE DISCLOSURE STATEMENT

This Corporate Disclosure Statement is filed on behalf of Defendant PNC

Bank, National Association in compliance with Rule 26.1 of the Federal Rules of

Appellate Procedure.

PNC Bank, National Association, declares that it is a national bank, is a

wholly owned subsidiary of PNC Bancorp, Inc., and is not a publicly held

corporation.  PNC Bancorp, Inc., is a wholly owned subsidiary of PNC Financial

Services Group, Inc., and is not a publicly held corporation.  PNC Financial

Services Group, Inc. is a publicly held corporation.


DATED:  September 16, 2013          WOLFE & WYMAN LLP


By: /s/ Samantha N. Lamm
   STUART B. WOLFE
   SAMANTHA N. LAMM
   **Attorneys for Defendant-Appellee**
   **PNC BANK, NATIONAL ASSOCIATION**

1

# **Table of Contents**

I.    JURISDICTIONAL STATEMENT ...................................................................1

II.   INTRODUCTION ...............................................................................................1

III.  STATEMENT OF THE CASE ...........................................................................2

IV.  STATEMENT OF THE FACTS ........................................................................3

      A.    The Loan and Subsequent Foreclosure .......................................................3

      B.    State Court Action ........................................................................................5

      C.    Federal Action .............................................................................................5

V.    STANDARD OF REVIEW .................................................................................8

VI.  SUMMARY OF THE ARGUMENTS .............................................................10

VII. LAW AND ARGUMENT .................................................................................10

      A.    Plaintiff Waived the Issues on Appeal by Failing to Provide Any Reasoning Why This Court Should Reverse the District Court's Order ...............................................................................................10

      B.    The District Court Properly Granted the Motion to Dismiss without Leave to Amend .............................................................................13

             1.    Plaintiff Consented to the Granting of the Motion to Dismiss by Failing to File an Meaningful Opposition ..................13

             2.    The District Court Properly Denied Leave to Amend Because the Litigation History Shows that Plaintiff Filed the Frivolous Actions to Avoid Foreclosure ...................................14

             3.    The District Court Properly Denied Plaintiff's Request for Leave to Amend Because the Proposed First Amended Complaint Failed to Cure the Fatal Defects in Plaintiff's Complaint ...................................................................15

i

C.     Plaintiff Lacks Standing to Challenge the Securitization of the
       Loan ........................................................................................16

D.     Glaski Is Distinguishable from the Present Action ...................18

VIII. CONCLUSION...................................................................................22

STATEMENT OF RELATED CASES .........................................................23

1487066.1

# Table of Authorities

**Cases**

*Abagninin v. AMVAC Chemical Corp.*
  545 F.3d 733, 742 (9th Cir. 2008)...................................................................... 16

*Almutarreb v. Bank of New York Trust Co., N.A.*
  (N.D.Cal. Sept. 24, 2012) 2012 WL 4371410, at \*2........................................... 17

*Bascos v. Fed. Home Loan Mortgage Corp.*
  2011 WL 3157063 (C.D.Cal. July 22, 2011) at \*6 ............................................. 17

*Big Bear Lodging Ass'n v. Snow Summit, Inc.*
  182 F.3d 1096, 1101 (9th Cir. 1999)..................................................................... 9

*Carvalho v. Equifax Info. Servs., LLC*
  629 F.3d 876, 892-93 (9th Cir. 2010) ................................................................... 9

*Christian Legal Soc. Chapter of Univ. of California v. Wu*
  626 F.3d 483, 487 (9th Cir. 2010)....................................................................... 11

*D.A.R.E. America v. Rolling Stone Magazine*
  270 F.3d 793, 793 (9th Cir.2001)........................................................................ 12

*Debrunner v. Deutsche Bank National Trust Co.*
  (2012) 204 Cal.App.4th 433 (2012) ................................................................... 18

*Deerinck v. Heritage Plaza Mortg. Inc.*
  2012 WL 1085520, at \*5 (E.D.Cal. Mar. 30, 2012) .......................................... 17

*Dumas v. Kipp*
  90 F.3d 386, 389 (9th Cir.1996)............................................................................ 9

*Foman v. Davis*
  371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)......................... 9, 13, 16

*Ghazali v. Moran*
  46 F.3d 52, 53 (9th Cir. 1995)............................................................................. 14

*Glaski v. Bank of America, N.A.*
  218 Cal.App.4th 1079 (2013)....................................................................... 16, 18

*Gomes v. Countrywide Home Loans, Inc.*
  192 Cal.App.4th 1149, 1154 (2011)......................................................... 17, 18, 21

*Greenwood v. Fed. Aviation Admin.*
  28 F.3d 971, 977 (9th Cir.1994)......................................................................... 12

*Hafiz v. Greenpoint Mortg. Funding, Inc.*
  652 F.Supp.2d 1039, 1042-1043 (N.D.Cal. 2009)............................................. 17

iii

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*
896 F.2d 1542, 1555, fn. 19 (9th Cir. 1989) ....................................... 3

*Hershey v. U.S.*
933 F.2d 1014, *2 (9th Cir. 1991)...................................................... 14

*Indep. Towers of Washington v. Washington*
350 F.3d 925, 929 (9th Cir. 2003)...................................................... 11

*Jenkins v. JP Morgan Chase Bank, N.A.*
216 Cal.App.4th 497 (2013).......................................................... 17, 21

*Junger v. Bank of America, N.A.*
2012 WL 603262, at *3 (C.D.Cal. Feb. 24, 2012)............................... 17

*Lane v. Vitek Real Estate Industries Group*
713 F.Supp.2d 1098, 1099 (E.D.Cal. May 13, 2010) ......................... 17

*Leadsinger, Inc. v. BMG Music Publ'g*
512 F.3d 522, 532 (9th Cir.2008)................................................... 9, 13

*Manzarek v. St. Paul Fire & Marine Ins.*
*Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008)............................. 8, 9, 13

*Martinez v. Stanford*
323 F.3d 1178, 1183 (9th Cir. 2003)................................................. 14

*Miller v. Fairchild Indust., Inc.*
797 F.2d 727, 738 (9th Cir.1986)...................................................... 11

*Mullis v. United States Bankr.Ct.*
828 F.2d 1385, 1388 (9th Cir.1987).................................................... 8

*Quan v. Computer Sciences Corp.*
623 F.3d 870, 878 (9th Cir. 2010).................................................... 13

*Ramirez v. Kings Mortg. Services, Inc.*
2012 WL 5464359 at *5 (E.D.Cal. Nov. 8, 2012) ............................. 17

*Sami v. Wells Fargo Bank*
WL 967051, at *6 (N.D.Cal. Mar. 21, 2012) .................................... 17

*Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*
806 F.2d 1391, 1401 (9th Cir. 1986).................................................. 15

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 *opinion amended on denial
of reh'g*, 275 F.3d 1187 (9th Cir. 2001) ......................................... 9, 20

*U.S. v. Corinthian Colleges*
655 F.3d 984 (9th Cir. 2011)............................................................. 9

*United States ex rel. Meyer v. Horizon Health Corp.*
565 F.3d 1195, 1199 fn. 1 (9th Cir.2009) ......................................... 13

iv

*United States v. Dunkel*
  927 F.2d 955, 956 (7th Cir.1991)........................................................................ 12

*Zimmerman v. City of Oakland*
  255 F.3d 734, 737 (9th Cir.2001)......................................................................... 8

**Statutes**
15 U.S.C. § 1692 *et seq* ................................................................................... 2, 5

*California Business and Professions Code* § 17200 *et seq.* ...................................... 2

Circuit Rule 28-2.2........................................................................................... 1

Fed. R.App. P. 28(a)(9)(A) ................................................................................. 12


**Other Authorities**
Civil Local Rule 7.1.e.2 .................................................................................... 14

Local Rule 7.1(f)(3)(c) ...................................................................................... 14

1487066.1

## I.     JURISDICTIONAL STATEMENT

Pursuant to Circuit Rule 28-2.2, Defendant-Appellee, PNC Bank, National Association ("PNC") agrees with Plaintiff-Appellant, Denise K. Schmidt ("Plaintiff") that the United States District Court of the Southern District of California and the Ninth Circuit have jurisdiction to review this matter.

## II.     INTRODUCTION

This appeal is nothing more than a frivolous and desperate attempt to avoid foreclosure by Plaintiff. Plaintiff's opening brief simply asserts that the district court erred in granting the motion to dismiss without leave to amend, but provides no reasoning to support Plaintiff's bare contention. Plaintiff is using this appeal in attempt to avoid foreclosure as demonstrated by Plaintiff's litigation history of filing Complaints in state court and dismissing the action before a motion dismiss could be heard as well as Plaintiff's failure to submit a meaningful opposition to the motion to dismiss after Plaintiff filed the federal action. As such, Plaintiff waived these issues on appeal by failing to submit any argument in support of Plaintiff's stark contention that the district court erred. Contrary to Plaintiff's bare assertion, the district court properly granted the motion to dismiss without leave to amend because: (1) Plaintiff failed to submit a meaningful opposition, (2) Plaintiff is simply using the judicial process to avoid foreclosure and (3) allowing Plaintiff leave to amend would be an act in futility because Plaintiff does not have standing

1

to challenge the securitization of a loan trust. As such, the district court properly

granted the motion to dismiss without leave to amend.

## III.    STATEMENT OF THE CASE

Plaintiff initially filed a Complaint against PNC in the Superior Court of San

Diego for declaratory relief, challenging PNC's standing to collect payments and to

foreclose. (Supplemental Excerpts of Record ("SER"), pg.171, ¶ 38.) After PNC

demurred to the Complaint and First Amended Complaint, Plaintiff dismissed the

state court action without prejudice before the demurrer could be heard. (SER, pg.

179-191, 207-221 & 223.)

On August 29, 2012, Plaintiff filed a Complaint in the district court against

PNC. (Excerpts of Record ("ER"), pg. 2-78.) Although Plaintiff added additional

causes of action for: (1) declaratory relief, (2) negligence, (3) quasi contract, (4)

violation 15 U.S.C. § 1692 *et seq*. of the Fair Debt Collection Practices Act

("FDCPA"), (5) violation of *California Business and Professions Code* § 17200 *et

seq.*, and (6) accounting, the basis of these claims is virtually unchanged from the

prior state court action. (ER, pg. 86 & 2-36; SER, pg. 163-177 & 193-204.)

On September 18, 2012, PNC filed a Rule 12(b)(6) motion to dismiss and

motion to strike Plaintiff's Complaint. (ER, pg. 80-111; SER, pg. 159-240.) On

November 9, 2012, Plaintiff filed a one-page "opposition" to the motion to dismiss

and motion to strike and requested leave to amend, but failed to provide any

2

explanation as to how the proposed First Amended Complaint cures the fatal defects in Plaintiff's Complaint. (ER, pg. 114.)

On March 20, 2013, the district court granted PNC's motion to dismiss and motion to strike with prejudice. (ER, pg. 155.) On March 27, 2013, a judgment was entered in favor of PNC. (SER, pg. 253.) On April 8, 2013, Plaintiff filed this appeal. (SER, pg. 254.)

## IV.    STATEMENT OF THE FACTS

### A.    The Loan and Subsequent Foreclosure

On February 1, 2006, Plaintiff obtained a loan from National City Mortgage, a division of National City Bank of Indiana in the principal amount of $650,000, which was secured by a deed of trust. (ER, pg. 10-11, ¶¶ 25-26; pg. 124-125, ¶¶ 25-26.) Plaintiff subsequently defaulted on her mortgage payments on August 1, 2008. It has been more than five years since Plaintiff defaulted on her mortgage. (SER, pg. 69-70.) On December 17, 2008, the trustee, Cal-Western Reconveyance Corporation ("Cal-Western") recorded a Notice of Default. (ER, pg. 69-70.)[1] On May 11, 2009, Cal-Western recorded a Notice of Trustee's Sale and set the sale for May 28, 2009. (ER, pg. 73-74.) On January 27, 2011, Cal-Western recorded a second Notice of Trustee's Sale and set the sale for February 16, 2011. (ER, pg.

---

[1] The Court may consider the Notice of Default because it was attached to the Complaint as Exhibit C. (*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, fn. 19 (9th Cir. 1989).)

3

77-78.)

After defaulting on her mortgage, Plaintiff used and continues to use the judicial system as a stall tactic to avoid foreclosure by alleging that PNC does not have authority to collect payments or foreclose based on the flawed premise that: (1) PNC has no interest in the loan because National City Bank allegedly sold the loan to an unidentified third party who may potentially seek to enforce the loan against Plaintiff one day and (2) PNC has no authority to enforce the loan because the loan was not properly securitized. (ER, pg. 9-13, ¶¶ 19-33; pg. 118, ¶ 1; pg. 122-127, ¶¶ 18-33, pg. 128-131, ¶¶ 37-38, 45-48 & 50.) Notably, PNC is the successor by merger to National City Bank, which originated the subject loan. (ER, pg. 87-88; SER, pg. 228-231.)

Significantly, the district court agreed with PNC's characterization of Plaintiff's Complaint as "'nothing more than a frivolous and desperate attempt to avoid foreclosure of Plaintiff's Encinitas property' and the Court sees no evidence to the contrary." The district court also observed that Plaintiff's litigation history "is highly suggestive that she is in fact using the judicial process to stall the foreclosure of her home rather than pursue claims she sincerely believes to be meritorious." (ER, pg. 155.)

4

## B.    State Court Action

On January 11, 2012, Plaintiff filed a Complaint against PNC in the Superior Court of San Diego, challenging PNC's standing to collect payments and to foreclose. (SER, pg.171, ¶ 38.) On February 10, 2012, PNC filed a demurrer to the Complaint, which was set for hearing on May 11, 2012. (SER, pg. 179-191.) However, just days before the hearing, Plaintiff filed a First Amended Complaint on May 8, 2012, which was substantially unchanged from the original Complaint. (SER, pg. 160, 193-205.) Plaintiff again asserted that PNC was not the successor in interest to the originating lender, National City Bank and alleged that PNC must prove its ownership of the loan to demand payments and to foreclose. (SER, pg. 200-202, ¶ 52(a)-(e).)

On June 8, 2012, PNC filed a demurrer to the First Amended Complaint, which was set for hearing on August 31, 2012. (SER, pg. 207-221.) However, just days before the demurrer could be heard, Plaintiff dismissed the entire action *without* prejudice on August 28, 2012. (SER, pg. 223.)

## C.    Federal Action

On August 29, 2012, Plaintiff filed the present action in the district court against PNC. (ER, pg. 2-78.) Although Plaintiff added additional causes of action for: (1) declaratory relief, (2) negligence, (3) quasi contract, (4) violation 15 U.S.C. § 1692 *et seq.* of the Fair Debt Collection Practices Act ("FDCPA"), (5) violation

1487066.1

of *California Business and Professions Code* § 17200 *et seq.*, and (6) accounting, the basis of these claims is virtually unchanged from the prior action. Plaintiff again challenges PNC's and the "Unknown Trust's" authority to collect payments and to foreclose on the faulty premise that neither PNC nor the Unknown Trust has any interest in the loan because: (1) the loan was sold to an unidentified third party[2] and (2) loan trust was not properly securitized. (ER, pg. 9-13, ¶¶ 19-33.)

On September 18, 2012, PNC filed a Rule 12(b)(6) motion to dismiss and motion to strike Plaintiff's Complaint and requested that the district court take judicial notice of the prior Complaints filed in the state court action. (ER, pg. 80-111; SER, pg. 159-240.) On November 9, 2012, Plaintiff filed a one-page "opposition" to the motion to dismiss and motion to strike, arguing that her opposition was "based on all papers on file with the Court, the arguments set forth, and any arguments made by Plaintiff's counsel at the hearing currently scheduled for this matter." (ER, pg. 114.) However, as the district court noted, the only papers filed with the court were the Complaint, motion to dismiss and motion to strike and there was no guarantee that the court would entertain oral arguments. (ER, pg. 155.) Plaintiff also requested leave to file the proposed First Amended Complaint, but failed to explain how the addition of Deutsche Bank National Trust Company

---

[2] Plaintiff speculates that "multiple parties may seek to enforce the debt obligation against her," but fails to allege that she has received any conflicting demand for payment other than from PNC. (ER, pg. 13, ¶ 34; pg. 127, ¶ 34.)

6

as trustee for GSAA Home Equity Trust 2006-11 ("Deutsche Bank") as a defendant cures the fatal defects in Plaintiff's Complaint. (ER, pg. 114.)

In fact, the proposed First Amended Complaint was substantially unchanged from the original Complaint. Plaintiff merely added Deutsche Bank in place of the Unknown Trust and removed the allegations relative Mortgage Electronic Registration Systems, Inc. ("MERS"). Plaintiff continued to allege that neither PNC nor Deutsche Bank had any interest in the loan because: (1) the loan was sold to an unidentified third party (who curiously has never demanded payment from Plaintiff) and (2) the loan was not properly securitized because the loan was not transferred into the loan trust before the closing date. (ER, pg. 118, ¶ 1, pg. 122-127, ¶¶ 18-33, pg. 128-131, ¶¶ 37-38, 45-48, & 50.)

On November 15, 2012, PNC filed a reply to Plaintiff's opposition and argued that the Complaint and proposed First Amended Complaint failed to state any claim against PNC because the mere addition of Deutsche Bank in place of the Unknown Trust did not cure the fatal defects to Plaintiff's claims. Further, Plaintiff has no standing to challenge the securitization of the loan. (SER, pg. 242-251.)

On March 20, 2013, the district court granted PNC's motion to dismiss and motion to strike with prejudice. Notably, the district court found that Plaintiff's opposition was "so feeble" that the court was unwilling to regard it as an opposition. The district court construed Plaintiff's failure to file an opposition as

7

consent to the granting of the motion under Judge Burns' standing order 4(b) and

Local Rule 7.1(f)(3)(c). The district court also considered the proposed First

Amended Complaint, but determined that the addition of Deutsche Bank as a

defendant was untimely under Rule 15(a)(1)-(2) of the Federal Rules of Civil

Procedure and also failed to cure the defects in Plaintiff's Complaint. (ER, pg.

155.)

On March 27, 2013, a judgment was entered in favor of PNC. (SER, pg.

253.) On April 8, 2013, Plaintiff filed this appeal. (SER, pg. 254.)

## V.    **STANDARD OF REVIEW**

The Court reviews an order granting a Rule 12(b)(6) motion for failure to

sate a claim *de novo*. (*Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th

Cir.2001).) In ruling a motion to dismiss, the Court may consider allegations

contained in the Complaint, exhibits attached to the Complaint and matters that are

properly subject to judicial notice. The Court accepts factual allegations in the

Complaint as true and construes the pleading in the light most favorable to

Plaintiff, but "need not accept as true conclusory allegations that are contradicted

by documents referred in the complaint" or matters subject to judicial notice

(*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir.

2008); *also see Mullis v. United States Bankr.Ct.,* 828 F.2d 1385, 1388 (9th

Cir.1987).) The Court is also not required to accept as true "[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory statements…"
(*U.S. v. Corinthian Colleges* (9th Cir. 2011) 655 F.3d 984, 991; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 *opinion amended on denial of reh'g,* 275 F.3d 1187 (9th Cir. 2001).)

Further, "[a] complaint may be dismissed without leave to amend only 'when it is clear that the complaint cannot be saved by further amendment.'" (*Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1101 (9th Cir. 1999), *quoting Dumas v. Kipp,* 90 F.3d 386, 389 (9th Cir.1996).) The Court reviews a denial of leave to amend a Complaint for an abuse of discretion. (*U.S. v. Corinthian Colleges*, *supra*, 655 F.3d at 995; *Manzarek v. St. Paul Fire & Marine Ins. Co.*, *supra*, 519 F.3d at 1031.) "[T]he district court may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., [and] futility of amendment.'" (*Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010), *quoting Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).) However, where the district court denies leave to amend because of futility of amendment, the Court "'will uphold such denial if "it is clear, upon *de novo* review, that the complaint would not be saved by any amendment."'" (*Id.*, *quoting Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d 522, 532 (9th Cir.2008).)

## VI.  <u>SUMMARY OF THE ARGUMENTS</u>

The Court should not consider Plaintiff's appeal because she failed to present any argument or reasoning to support her contention that the district court erred in granting the motion to dismiss without leave to amend. Contrary to Plaintiff's thread-bare allegations, the district court properly granted the motion to dismiss without leave to amend because Plaintiff failed to submit a meaningful opposition, the litigation history was highly suggestive of Plaintiff's attempt to avoid foreclosure and Plaintiff failed to provide any explanation as to how the proposed First Amended Complaint could save Plaintiff's Complaint. Plaintiff simply added Deutsche Bank to the proposed First Amended Complaint. However, the proposed amendments were not sufficient to cure the fatal defects in Plaintiff's Complaint because borrowers do not have standing to challenge the securitization of a loan trust. Thus, the Court should affirm the district court's ruling.

## VII.  <u>LAW AND ARGUMENT</u>

### A.    <u>Plaintiff Waived the Issues on Appeal by Failing to Provide Any Reasoning Why This Court Should Reverse the District Court's Order</u>

In her opening brief, Plaintiff boldly asserts that the district court erred by granting PNC's motion to dismiss without leave to amend, but provides no reasoning for this assertion other than to suggest that this Court review Plaintiff's Complaint, Plaintiff's opposition to the motion to dismiss and the proposed First

10

Amended Complaint *de novo*. Other than this bare assertion, Plaintiff failed to specifically and distinctly argue in Appellant's Opening Brief why the district court erred in granting the motion to dismiss without leave to amend. Plaintiff simply asserts that her Complaint could have been saved by further amendment. (Appellate Opening Brief ("AOB"), pg. 7:6-15.)

Significantly, the Ninth Circuit will not consider "'matters on appeal that are not specifically and distinctly argued in appellant's opening brief'" and has refused to address claims that are "argue[d] in passing.'" (*Christian Legal Soc. Chapter of Univ. of California v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010), *quoting Miller v. Fairchild Indust., Inc.*, 797 F.2d 727, 738 (9th Cir.1986).) Like the present action, in *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003), the appellant also made bold assertions, but provided the Ninth Circuit with "little if any analysis to assist the court in evaluating its legal challenge." While reading the appellant's brief, the court pondered whether the appellant was utilizing the "spaghetti approach" by heaving an entire pot of spaghetti against the wall and hoping that something sticks. The court declined to search through the noodles in hopes of finding a viable claim:

> When reading ITOW's brief, one wonders if ITOW, in its own version of the "spaghetti approach," has heaved the entire contents of a pot against the wall in hopes that something would stick. We decline, however, to sort through the noodles in search of ITOW's claim. As the Seventh Circuit observed in its now familiar maxim,

11

"[j]udges are not like pigs, hunting for truffles buried in briefs." (*Id., quoting United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991).

Further, this Court has repeatedly admonished that it "cannot 'manufacture arguments for an appellant' and therefore we will not consider any claims that were not actually argued in appellant's opening brief." (*Id., citing Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir.1994). Notably, this Court can only "'review only issues which are argued specifically and distinctly in a party's opening brief.'" "Significantly, '[a] bare assertion of an issue does not preserve a claim.'" (*Id., quoting D.A.R.E. America v. Rolling Stone Magazine*, 270 F.3d 793, 793 (9th Cir.2001). Thus, this Court has held firm against considering arguments not briefed, noting that "It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the 'appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.'" (*Id.* at 929-930, *quoting* Fed. R.App. P. 28(a)(9)(A).)

Similarly, in the present action, Plaintiff essentially boldly asserts that the district court erred in denying Plaintiff's request for leave to amend, but provides no reasoning, argument, citations to authorities or the record to support her contention. (AOB, pg. 7:6-15.) As such, Plaintiff has waived these issues on appeal.

12

Indeed, Plaintiff cannot present arguments on these issues in their reply brief because they are deemed waive if they are raised for the first time only in a reply brief. (*Quan v. Computer Sciences Corp.*, 623 F.3d 870, 878 (9th Cir. 2010), *citing United States ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1199 fn. 1 (9th Cir.2009). In the event that the Court allows Plaintiff to raise issues and arguments not raised in her opening brief, PNC respectfully requests an opportunity to submit further briefing on those issues and arguments.

## B. The District Court Properly Granted the Motion to Dismiss without Leave to Amend

### 1. Plaintiff Consented to the Granting of the Motion to Dismiss by Failing to File an Meaningful Opposition

As discussed above, the district court has discretion to deny leave to amend due to "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" (*Manzarek v. St. Paul Fire & Marine Ins. Co.*, *supra*, 519 F.3d at 1034, *quoting Leadsinger, Inc. v. BMG Music Publ'g.*, 512 F.3d 522, 532 (9th Cir.2008) *quoting Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).)

In the present action, the district court properly granted the motion to dismiss without leave to amend because Plaintiff presented an "opposition" that

13

was tantamount to no opposition. The district court correctly found that Plaintiff's failure to oppose motion to dismiss constituted consent to the motion being granted under Judge Burns' Standing Order 4(b) and Local Rule 7.1(f)(3)(c). (ER, pg. 155.) Local Rule 7.1(f)(3)(c) states: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for the ruling by the court." In *Hershey v. U.S.*, 933 F.2d 1014, *2 (9th Cir. 1991), the court observed that a party's failure to oppose a motion constitutes consent for granting the motion. The Ninth Circuit has also held that a district court may properly grant a motion to dismiss for failure to respond.  (*Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) [affirming dismissal for failure to timely file opposition to motion to dismiss]; *also see Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir. 2003).) Thus, the district court properly granted the motion to dismiss because Plaintiff failed to submit a meaningful opposition.

### 2.    The District Court Properly Denied Leave to Amend Because the Litigation History Shows that Plaintiff Filed the Frivolous Actions to Avoid Foreclosure

In granting the motion to dismiss without leave to amend, the district court agreed that this action is "'nothing more than a frivolous and desperate attempt to avoid foreclosure of Plaintiff's Encinitas property.'" (ER, pg.155.) The district court found that the litigation history showed that Plaintiff filed the federal

14

complaint simply to delay the foreclosure of her home:

> Ms. Schmidt first filed a complaint in California Superior Court, then an amended complaint, then voluntarily dismissed her complaint without prejudice days before a motion to dismiss hearing, and *then filed* a complaint in federal court, is highly suggestive that she is in fact using the judicial process to install the foreclosure of the home rather than pursue claims she sincerely believes to be met meritorious. (ER, pg. 155.)

As such, the district court did not abuse its discretion in granting the motion to dismiss without leave to amend because the federal complaint was brought in bad faith in an attempt to delay the foreclosure of her home. (ER, pg. 155.)

### 3. The District Court Properly Denied Plaintiff's Request for Leave to Amend Because the Proposed First Amended Complaint Failed to Cure the Fatal Defects in Plaintiff's Complaint

In the present action, the district court properly denied leave to amend because the proposed First Amended Complaint failed to address the arguments raised in PNC's motion to dismiss. The proposed First Amended Complaint simply added Deutsche Bank as a defendant in place of the Unknown Trust, but Plaintiff failed to explain how the addition of Deutsche Bank as a defendant cured the deficiencies in Plaintiff's Complaint. (ER, pg. 155.) As such, the district court properly denied leave to amend where the futility of the amendment could not possibly cure the deficiencies in the complaint. (*Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1391, 1401 (9th Cir. 1986); *Foman v. Davis*,

///

15

*supra*, 371 U.S. at 182; *Abagnin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008).)

### C.    Plaintiff Lacks Standing to Challenge the Securitization of the Loan

In passing, Plaintiff asserts that leave to amend should have been granted in light of the recent decision in *Glaski v. Bank of America, N.A.* (2013) 218 Cal.App.4th 1079, but again provides no explanation why or how *Glaski* can save Plaintiff's Complaint. (AOB, pg. 6.) Despite the lack of reasoning, *Glaski* cannot cure the defects in Plaintiff's Complaints because the courts have overwhelmingly held that a borrower lacks standing to challenge the securitization of a loan trust. Further, though PNC does not agree with the appellate court's ruling in *Glaski*, it is factually distinguishable from the present action.

In the present action, Plaintiff alleges that PNC and Deutsche Bank did not have the authority to collect payments or foreclose based on the conclusory allegation that the loan was not transferred into the loan trust prior to the closing date. (ER, pg. 8, ¶ 18; pg. 11, ¶¶ 29-30; pg. 12, ¶ 31; pg. 18, ¶¶ 49-54; pg. 122-123, ¶ 18; pg. 125-126, ¶¶ 29-30; pg. 126, ¶ 31; pg. 130-131, ¶ 45-48; pg. 131, ¶ 50.) However, Plaintiff lacks standing to challenge whether her loan was properly securitized under the terms of the Pooling and Servicing Agreement ("PSA") because she admits that she is not a party to, nor third-party beneficiary of, the PSA. (ER, pg. 12, ¶ 33; pg. pg. 127, ¶ 33.) The overwhelming majority of cases

16

that have addressed whether a borrower can challenge the validity of the securitization of a loan trust have held that borrowers lack standing to challenge whether their mortgages were properly securitized under the terms of the applicable PSAs when those borrowers were neither parties to, nor third-party beneficiaries of, the PSAs. (*Sami v. Wells Fargo Bank,* 2012 WL 967051, at *6 (N.D.Cal. Mar. 21, 2012); *Junger v. Bank of America, N.A.,* 2012 WL 603262 at *3 (C.D.Cal. Feb. 24, 2012); *Almutarreb v. Bank of New York Trust Co., N.A.*, 2012 WL 4371410 at *2 (N.D.Cal. Sept. 24, 2012); *Deerinck v. Heritage Plaza Mortg. Inc.,* 2012 WL 1085520 at *5 (E.D.Cal. Mar. 30, 2012); *Ramirez v. Kings Mortg. Services, Inc.*, 2012 WL 5464359 at *5 (E.D.Cal. Nov. 8, 2012); *Lane v. Vitek Real Estate Industries Group*, 713 F.Supp.2d 1098, 1099 (E.D.Cal. May 13, 2010) ["the argument that parties lose their interest in a loan when it is assigned to a trust pool has also been rejected by many district courts." ]; *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039, 1042-1043 (N.D.Cal. 2009); *Bascos v. Fed. Home Loan Mortgage Corp.* 2011 WL 3157063 (C.D.Cal. July 22, 2011) at *6 ["To the extent Plaintiff challenges the securitization of his loan because Freddie Mac failed to comply with the terms of its securitization agreement, Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust."]; *Gomes v. Countrywide Home Loans,*

///

17

*Inc.*, 192 Cal.App.4th 1149, 1154 (2011); *Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 514.)

In *Jenkins v. JP Morgan Chase Bank, N.A.*, *supra*, 216 Cal.App.4th 497, the plaintiff alleged that the promissory note was not properly transferred into the loan trust and also alleged that the securitization was improper because the trustee of the loan trustee did not have physical possession of the promissory note and deed of trust before the closing date of the loan trust. (*Id.* at 510.) Significantly, the court held the theory was insufficient to support any of her causes of action because the plaintiff, as an unrelated third party, lacked standing to attack the propriety of the securitization of the loan. (*Id.* at 514.) Notably, the *Jenkins* court's decision flowed naturally from the legal precedents it cited, including *Debrunner v. Deutsche Bank National Trust Co.*, 04 Cal.App.4th 433 (2012) 2 and *Gomes v. Countrywide Home Loans, Inc.*, *supra*, 192 Cal.App.4th 1149. In light of the overwhelming precedence, Plaintiff lacks standing to attack the validity of the securitization of the subject loan because she admits that she was neither a party nor third party beneficiary of the PSA. (ER, pg. 12, ¶ 33; pg. pg. 127, ¶ 33.)

### D.  Glaski Is Distinguishable from the Present Action

Relying on *Glaski v. Bank of America, N.A.*, *supra*, 218 Cal.App.4th 1019. Plaintiff suggests in passing that this case cures the defects in Plaintiff's Complaint. (AOB, pg. 6.) However, *Glaski* is not applicable because it is factually

18

distinguishable from the present action and was not correctly decided.

In *Glaski*, the court agreed that a party may state a cause of action for wrongful foreclosure by alleging that a party who was not the true beneficiary instructed the trustee to foreclose. However, the court acknowledged that "this theory requires more than simply stating that the defendant who invoked the power of sale was not the true beneficiary under the deed of trust. Rather, a plaintiff asserting this theory must allege *facts* that show the defendant who invoked the power of sale was not the true beneficiary." (*Id.* at 9.)  Significantly, Glaski alleged *specific* facts showing the loan was not properly transferred into the loan trust before the closing date:

> In particular, Glaski alleges that (1) the corpus of the WaMu Securitized Trust was a pool of residential mortgage notes purportedly secured by liens on residential real estate; (2) section 2.05 of "the Pooling and Servicing Agreement" required that all mortgage files transferred to the WaMu Securitized Trust be delivered to the trustee or initial custodian of the WaMu Securitized Trust before the closing date of the trust (which was allegedly set for December 21, 2005, or 90 days thereafter); (3) the trustee or initial custodian was required to identify all such records as being held by or on behalf of the WaMu Securitized Trust; (4) Glaski's note and loan were not transferred to the WaMu Securitized Trust prior to its closing date; (5) the assignment of the Glaski deed of trust did not occur by the closing date in December 2005; (6) the transfer to the trust attempted by the assignment of deed of trust recorded on June 15, 2009, occurred long after the trust was closed; and (7) the attempted assignment was ineffective as the WaMu Securitized Trust could not have accepted the Glaski deed of trust after the closing date because of the pooling and servicing agreement and the statutory requirements applicable to a Real Estate Mortgage Investment Conduit (REMIC) trust. (*Id.*)

19

As such, the *Glaski* court found that "Glaski has alleged specific grounds for his theory that the foreclosure was not conducted at the direction of the correct party. (*Id.* at 13.)

In sharp contrast to *Glaski*, Plaintiff simply asserted conclusory allegations without any specific facts that the loan was not properly transferred into the loan trust prior to the closing date. (ER, pg. 8, ¶ 18; pg. 11, ¶¶ 29-30; pg. 12, ¶ 31; pg. 18, ¶¶ 49-54; pg. 122-123, ¶ 18; pg. 125-126, ¶¶ 29-30; pg. 126, ¶ 31; pg. 130-131, ¶ 45-48; pg. 131, ¶ 50.) Since Plaintiff's merely asserted conclusory allegations, the district court was not bound to accept them as true. (*Sprewell v. Golden State Warriors, supra*, 266 F3d at 988.) Thus, the holding in *Glaski* does not apply to the present action because the *Glaski* Complaint sets forth specific factual allegations unlike the bare allegations in the present case.

Further, *Glaski* is distinguishable from the present action because it involved a completed foreclosure where the borrower had already experienced the loss of his property. The *Glaski* court said the plaintiff had standing to inquire about the transfer of interest only insofar as it affected his wrongful foreclosure theory. (*Id.* at *6-*11.) Unlike *Glaski*, Plaintiff has no wrongful foreclosure theory because no foreclosure sale has occurred. This distinction is significant because in a pre-foreclosure case, the preemptive plaintiff "does not seek a remedy for a foreclosing

20

party's misconduct with regards to the initiation and processing of the nonjudicial foreclosure," but rather "such a preemptive action seeks to create 'the additional requirement' that the foreclosing entity must 'demonstrate *in court* that it is authorized to initiate a foreclosure' before the foreclosure can proceed." (*Jenkins v. JP Morgan Chase Bank, N.A., supra*, 216 Cal.App.4th at 512, *quoting Gomes v. Countrywide Home Loans, Inc., supra*, 92 Cal.App.4th at 1156.) The court observed that "allowing a trustor-debtor to pursue such an action, absent a "'*specific factual basis* for alleging that the foreclosure was not initiated by the correct party' would unnecessarily 'interject the courts into [the] comprehensive nonjudicial scheme' created by the Legislature, and 'would be inconsistent with the policy behind nonjudicial foreclosure of providing a quick, inexpensive and efficient remedy.'" (*Id., quoting Gomes v. Countrywide Home Loans, Inc., supra*, 92 Cal.App.4th at 1154-1156.) Thus, though PNC does not agree with the *Glaski*'s ruling, the case is factually distinguishable from the present action.

///

///

///

///

///

///

21

1487066.1

## VIII. <u>CONCLUSION</u>

In conclusion, this Court should affirm the district court's ruling because Plaintiff waived any issue on appeal by failing to articulate why the district court's ruling should be reversed. Further, the district court properly granted the motion to dismiss without leave to amend because Plaintiff failed to submit a meaningful opposition, the litigation history was highly suggestive that Plaintiff was using the judicial system to avoid foreclosure and leave to amend was simply futile as Plaintiff failed to provide any explanation as to how the addition of Deutsche Bank as a defendant cures the fatally flawed Complaints.

DATED: September 16, 2013          WOLFE & WYMAN LLP


By: /s/ *Samantha N. Lamm*
    STUART B. WOLFE
    SAMANTHA N. LAMM
    **Attorneys for Appellee PNC BANK, NATIONAL ASSOCIATION**

22

## STATEMENT OF RELATED CASES

Pursuant to the Ninth Circuit Rule 28-2.6, I certify that following cases are

related:

1.  *Denise K. Schmidt v. PNC Bank, N.A. et al.* filed on January 11, 2012 in San Diego Superior Court bearing Case No. CASE NO.: 3:12-CV-02126-LAB-KSC and

2.  *Denise K. Schmidt v. PNC Bank, N.A. et al.* filed on August 29, 2012 in the United States District Court of the Southern District of California, bearing Case No.: 3:12-CV-02126-LAB-KSC.

DATED:  September 16, 2013        WOLFE & WYMAN LLP


By: /s/ *Samantha N. Lamm*
    STUART B. WOLFE
    SAMANTHA N. LAMM
    **Attorneys for Defendant-Appellee**
    **PNC BANK, NATIONAL ASSOCIATION**

23

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because  this brief contains 5,149 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This certification is made in reliance on the word count function of the computer software used to prepare the brief.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in font size 14 and Times New Roman style.


Dated:   September 16, 2013      By: */s/ Samantha N. Lamm*
                                 SAMANTHA N. LAMM

1487066.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )    ss.
COUNTY OF ORANGE             )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2301 Dupont Drive, Suite 300, Irvine, California 92612-7531.

On September ____ 2013, I served the document(s) described as **RESPONSE BRIEF OF DEFENDANT – APPELLEE PNC BANK, NATIONAL ASSOCIATION** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☐    **BY MAIL**: as follows:

☐    **FEDERAL** – I deposited such envelope in the U.S. Mail at Irvine, California, with postage thereon fully prepaid.

☒    **BY ELECTRONIC ACCESS** Pursuant to Electronic Filing Court Order, I hereby certify that the above document(s) was uploaded to the US Court of Appeals 9th Circuit Court website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☐    **BY PERSONAL SERVICE** as follows: I caused a copy of such document(s) to be delivered by hand to the offices of the addressee between the hours of 9:00 A.M. and 5:00 P.M.

☐    **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☐    **BY FACSIMILE** as follows: I caused such documents to be transmitted to the telephone number of the addressee listed on the attached service list, by use of facsimile machine telephone number. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☒    **FEDERAL**    I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on September ____ 2013, at Irvine, California.

Rebecca Nichols

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1166805.1

1

**SERVICE LIST**

2

**U.S. District Court-Southern District-Case No. 3:12-cv-02126-LAB-KSC**
**SCHMIDT v. PNC BANK NATIONAL ASSOCIATION; et al.**

3

**W&W File No. 1264-452**
**[Revised: 8/31/12]**

4

5      Joseph LaCosta, Esq.                          Attorney for Plaintiff DENISE SCHMIDT
        7840 Mission Center Court, Suite #140
6      San Diego, CA 92108                          T: (619) 922-5287

7                                                                 joelacostaesq@gmail.com

8

9



10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1166805.1